UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SABRINA ARCHIBALD and SADE ARCHIBALD,<br><br>        Plaintiffs,<br><br>   v.<br><br>SCOTT CREDIT UNION,<br><br>        Defendant. | Case No. 25-cv-01031-JPG |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Scott Credit Union's Motion to Stay Proceedings Pending Ruling on the Motion to Dismiss (Doc. 41). Defendant argues that Plaintiffs have served discovery requests that are overly broad and oppressive and serve no purpose other than to harass Defendant and further Plaintiffs baseless claims and asks the Court to stay discovery until it has ruled on Defendant's Motion to Dismiss (Doc. 11). Plaintiffs filed a response (Doc. 43).

District courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013). This Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). A party seeking a stay bears the burden of proving that the court should exercise its discretion in staying the case. *Indiana State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 961 (2009). The filing of a motion to dismiss does not automatically stay discovery. *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1988). However, discovery is frequently stayed pending a ruling on a motion to dismiss if a stay is required to enhance the efficiency of litigation, preserve judicial resources, and save time and

money for the parties involved. *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (collecting cases). "In determining whether to grant a stay, the court may consider the following factors: (1) 'whether a stay will unduly prejudice or tactically disadvantage the non-moving party,' (2) 'whether a stay will simplify the issues in question and streamline the trial,' and (3) 'whether a stay will reduce the burden of litigation on the parties and on the court.'" *Piekarski v. Amedisys Illinois, LLC*, No, 12-CV-7346, 2013 WL 2357536, at *2 (N.D. Ill. May 28, 2013) (quoting *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009).

The Court concludes that all three factors weigh in favor of a stay. First, the stay will not unduly prejudice Plaintiffs. This action is still in the early stages of litigation. In addition, discovery is not required to resolve the motion to dismiss. Defendant's arguments for dismissal are primarily based on legal reasons why Plaintiffs claims fail, and Plaintiffs already responded to the motion without access to discovery. The Court is not persuaded by Plaintiffs assertion that continued delay risks loss of transient data and fading witness recollection. Defendant has a duty to preserve information relevant to this litigation. *See Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008); FED. R. CIV. P. 37(f) Advisory Committee Note. Further, the stay is only temporary and will end once the Court rules on the motion to dismiss.

Second, the stay will simplify the issues in question and streamline the litigation. Defendant's motion to dismiss asks the Court to dismiss all of Plaintiffs claims. If the Court dismisses all of Plaintiffs claims, the decision will preclude the need for discovery altogether. Even if the Court dismisses only some of the Plaintiffs claims, it will narrow the scope of the discovery. For example, Plaintiffs assert two claims related to the repossession of their property.

If those claims are dismissed, the parties will not need to conduct any discovery related to the repossession.

Third, the stay will reduce the burden of this litigation on the parties and the Court. There is evidence that Plaintiffs have made discovery requests that are overly broad. For instance, Plaintiff seeks "[a]ll documents showing how the alleged loan obligation at issue in this case was initially funded, including internal ledgers, journal entries, wire transfers, or any record reflecting source of funds." In addition, there is reason to believe that Plaintiffs will seek substantial court intervention in the discovery process. Plaintiffs asked this Court to conduct early discovery. Then, they served premature discovery requests on Defendant. Now, Plaintiffs have filed a motion to compel and motion for protective order and redaction protocol.

The Court finds that a stay on discovery will not unduly prejudice Plaintiff, will simplify the issues in question and streamline the litigation, and will reduce the burden of litigation on the parties and the Court. Therefore, it GRANTS Defendant Scott Credit Union's Motion to Stay Proceedings Pending Ruling on the Motion to Dismiss (Doc. 41). Discovery is stayed until the Court rules on Defendant's Motion to Dismiss (Doc. 11). The Court RESERVES RULING on Plaintiffs Motion to Compel Discovery Responses (Doc. 38) and Motion for Protective Order and Redaction Protocol (Doc. 40) until after the stay has been lifted. It DENIES Plaintiffs Motion for Leave to File a Reply in Support of Motion to Compel (Doc. 42) as moot because Plaintiffs do not need to seek leave to file a reply. *See* SDIL-LR 7.1.

**IT IS SO ORDERED.**
**DATED**:   **November 7, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**

**United States District Judge**