UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SABRINA ARCHIBALD and SADE
ARCHIBALD,

        Plaintiffs,

        v.

SCOTT CREDIT UNION,

        Defendant.

Case No. 25-cv-01031-JPG

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiffs Sabrina and Sade Archibald's Judicial Notice and Demand for Equitable Accounting on Unsettled Debt (Doc. 53). Plaintiffs allege that the filing is "not a motion for relief, nor a supplemental argument." However, the filing asks the Court to take judicial notice of certain facts and order an equitable accounting. As such, the Court will construe it as a motion. *See* FED. R. CIV. P. 7(b)(1) ("A request for a court order must be made by motion."). Defendant Scott Credit Union filed a response (Doc. 54).

Plaintiffs first ask the Court to take judicial notice that the record is incomplete because it lacks: (1) a full account of all charges, fees, insurance additions, credits, and payments; (2) a breakdown of any charge off, assignment, or post default activity; (3) the identity of the current owner of the obligation; and (4) documentation of any settlement, forgiveness, or discharge of balance. For this Court to take judicial notice of a fact, it must find that the fact is relevant. Relevance is defined as any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* FED. R. EVID. 401. The Court declines to take judicial notice of these facts because it finds that they are not relevant to Plaintiffs' claims. Plaintiffs' claims are focused on whether

Defendant made adequate disclosures in 2021 when the parties executed the Loan Agreement and whether Defendant's debt collection practices and communications between 2023 and 2025 complied with applicable law. The current status of the account, and Defendant's present authority to collect on it, are not at issue in this case.[1]

Plaintiffs next request that the Court order an equitable accounting. They allege that their amended complaint contains express equitable language requesting a full accounting,[2] and if the Court decides the motion to dismiss before ordering such an accounting, it risks reversible error. The Court finds that it is not appropriate to order an accounting in this case. This Court has "broad discretion" to determine whether to order an accounting. *See First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1011 (7th Cir, 1985). However, there is a prerequisite: the plaintiff must not have an adequate remedy at law. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962), In other words, "the plaintiff must be able to show that the 'accounts between the parties' are of such a 'complicated nature' that only a court of equity can satisfactorily unravel them." *Id.* Here, Plaintiffs fail to make the required showing.

For the foregoing reasons, the Court DENIES Plaintiffs Sabrina and Sade Archibald's Judicial Notice and Demand for Equitable Accounting on Unsettled Debt (Doc. 53).

**IT IS SO ORDERED.**
**DATED**:   **March 13, 2026**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

---

[1] To the extent that Plaintiffs dispute the Court's determination that they were in default on the Loan Agreement, that conclusion was based solely on Plaintiffs own factual allegations.

[2] The Court rejects Plaintiffs' argument that the amended complaint put it on notice that they were requesting an accounting. Simply using equitable language without asserting a claim or legal basis for an accounting does not put this Court on notice that an accounting is requested.