UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SABRINA ARCHIBALD, and
SADE ARCHIBALD,

Plaintiff,

v.

SCOTT CREDIT UNION,

Defendant-Third Party Plaintiff,

v.

SOUTH BEACH MOTORS, INC. d/b/a
MIDWEST RECOVERY,

Third Party Defendant.

Case No. 25-cv-01031-JPG

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiffs Sabrina and Sade Archibald's Motion for Reconsideration of August 20, 2026, Discovery Ruling and for Limited Production of Underlying Accounting Records (Doc. 97) and Motion for Partial Reconsideration of Interlocutory Orders (Doc. 98).[1]

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances . . . ." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). The decision of whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571–72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in

[1] The Court believes that Plaintiffs may be using generative AI platforms, such as ChatGPT, to draft their filings. These platforms are known to be verbose and repetitive, constraining already limited judicial resources. Plaintiffs should review all their filings prior to submitting them to ensure they are concise and direct.

the same litigation and authorizes reconsideration only for a compelling reason such as where the court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

Plaintiffs first ask the Court to reconsider its November 17, 2025, Memorandum and Order (Doc. 46), and its March 13, 2026, Memorandum and Order (Doc. 57), to the extent those orders determined that Plaintiffs were in default under the Loan Agreement. There are no grounds for the Court to revisit these rulings. The Court determined that Plaintiffs were in default on the Loan Agreement based on their own factual allegations that they paid Defendant only $18,200 of the $84,055.45 owed. Testimony from Defendant's corporate representative that Plaintiffs made a partial payment of $65.73 on June 27, 2024, nine months after their last full payment on September 25, 2023, does not change the fact that Plaintiffs were in default on the Loan Agreement. Any argument otherwise is frivolous. In addition, affidavits submitted by Plaintiffs asserting that they made payments after September 25, 2023, are not new evidence that warrant reconsideration. Plaintiffs had knowledge of their own payment history throughout the entirety of this litigation. *See Oto v. Metro Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier.").

Plaintiffs next ask the Court to reconsider its August 20, 2026, denial of Plaintiffs' Renewed Motion to Compel (Doc. 85), and to order production of accounting records that are necessary to examine the calculations supporting Defendant's asserted contractual default. The

Court declines to revisit its decision. The Court already determined that Plaintiffs were in default on the Loan Agreement. Accordingly, Plaintiffs' request to conduct further discovery on the issue of default is a fishing expedition aimed at obtaining records that are irrelevant to the remaining issues in this case.

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Reconsideration of August 20, 2026, Discovery Ruling and for Limited Production of Underlying Accounting Records (Doc. 97) and Motion for Partial Reconsideration of Interlocutory Orders (Doc. 98).

**IT IS SO ORDERED.**
**DATED**: **October 22, 2026**

**J. PHIL GILBERT**
**United States District Judge**