UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SABRINA ARCHIBALD, and
SADE ARCHIBALD,

Plaintiffs,

v.

SCOTT CREDIT UNION,

Defendant-Third Party Plaintiff,

v.

SOUTH BEACH MOTORS, INC. d/b/a
MIDWEST RECOVERY,

Third Party Defendant.

Case No. 25-cv-01031-JPG

**MEMORANDUM AND ORDER**

This case is before the Court on two motions. The first is a Motion for Summary Judgment filed by Defendant-Third Party Plaintiff Scott Credit Union ("SCU") (Doc. 86). It asks the Court to grant summary judgment in its favor on both of Plaintiffs Sabrina and Sade Archibald's remaining claims. Plaintiffs filed a response (Doc. 95) and SCU filed a reply (Doc. 101). The second is a Motion for Summary Judgment filed by Third Party Defendant South Beach Motors, Inc., d/b/a Midwest Recovery (Doc. 88). It argues that SCU is entitled to judgment as a matter of law on Count 7, and accordingly, it is entitled to summary judgment with respect to SCU's third party complaint. SCU filed a response (Doc. 92).

## I. BACKGROUND

The relevant evidence and the reasonable inferences that can be drawn from that evidence, viewed in the light most favorable to Plaintiffs, establish the following facts.[1]

[1] SCU's memorandum includes numerous references to facts that are not set forth in its statement of material facts.

Plaintiffs purchased a 2017 Coachmen Freelander RV ("the RV") on June 8, 2021, from Sun City RV ("Sun City") in Arizona. The purchase price of the RV was $63,763.01. Plaintiffs paid a $4,000 cash deposit to Sun City. The deposit came from Plaintiffs' own funds. After the deposit, there was a remaining balance of $59,763.01 to purchase the RV.

To pay the remaining balance, Plaintiffs applied for and received a loan from SCU. The loan application and Loan and Security Agreements and Disclosure Statements were signed by Plaintiffs on June 10, 2021. The total amount financed to Plaintiffs from SCU was $60,288.01—the remaining balance of $59,763.01 plus GAP insurance of $525. SCU has been the sole owner of the loan from its origination and has serviced the loan from its origination.

On November 22, 2024, Matt Townsend, a Midwest Recovery employee, visited 6901 Osage Drive, Belleville, Illinois ("the Property"), which was the mailing address listed on the loan documents, to repossess the RV. Plaintiffs were not present, but Sabrina participated in the encounter by telephone. Sabrina expressly objected to Townsend's presence and demanded that he leave the Property. Townsend told Sabrina that SCU would return with the police to obtain the RV. Townsend then walked around the house searching for the RV. He did not break any gates or locks. He was unable to locate the RV on the Property.

Plaintiffs filed this action on May 22, 2025, raising thirteen claims against SCU. After two rounds of motions to dismiss, there are two claims remaining: (1) violations of the Truth in Lending Act (Count 1) and (2) wrongful repossession/attempted repossession (Count 7). On May 18, 2026, SCU filed a third-party complaint against Midwest Recovery, alleging that, if Plaintiffs obtain a

Similarly, Plaintiffs' memorandum is replete with references to facts that are not included in either their response to SCU's statement of material facts or their statement of additional material facts. Because these facts were not submitted in compliance with Local Rule 56.1, the Court has disregarded them in deciding on this motion.

judgment against it with respect to Count 7, it is entitled to contribution under the Joint Tortfeasor Contribution Act.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014) (citing FED. R. CIV. P. 56); *accord Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012). In assessing a summary judgment motion, the Court views the facts in the light most favorable to and draws all reasonable inferences in favor of the nonmoving party. *Anderson*, 699 F.3d at 994; *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). However, the "favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Monroe v. Ind. Dep't of Transp.*, 871 F.3d 495, 503 (7th Cir. 2017) (quoting *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008) (internal quotation marks and citation omitted)).

The initial summary judgment burden of production is on the moving party to show the Court that there is no reason to have a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). Where the moving party fails to meet its strict burden, the Court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a

genuine issue of material fact exists. *Celotex*, 477 U.S. at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986); *Modrowski*, 712 F.3d at 1168–69. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248.

## III. ANALYSIS

### A. SCU's Motion for Summary Judgment (Doc. 86):

#### *i. Count 1 – Violations of the Truth in Lending Act ("TILA"):*

The purpose of the TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). It provides a private right of action against "any creditor who fails to comply with any requirement imposed" by the Act. 15 U.S.C. § 1640(a). Plaintiffs allege that SCU violated the TILA by: (1) refusing to identify the current owner, assignee, or master servicer of the obligation, as required by 15 U.S.C. § 1641(f)(2), despite receiving Plaintiffs' written requests; and (2) failing to include their downpayment in the "Total Sales Price," as required by 12 C.F.R. § 1026.18(j).

No reasonable jury could find that SCU violated § 1642(f)(2). That provision requires that, "[u]pon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the

master servicer of the obligation." By its terms, the provision imposes liability only when the obligor sends the servicer a written request. Plaintiffs have submitted no evidence that they sent SCU such a request.[2] Moreover, Plaintiffs failed to address SCU's argument that § 1641(f)(2) does not apply to it because it is not an assignee of the loan. They have therefore waived the issue. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

Plaintiffs claim under § 1026.18(j) also fails. That provision requires that, "[i]n a *credit sale*," the creditor disclose "the total sale price, using that term, and a descriptive explanation (including the amount of any downpayment) such as 'the total price of your purchase on credit, including your downpayment of $__.'"). A "credit sale" is defined as "a sale in which the seller is a creditor." 12 C.F.R. § 1026.2(a)(16). Here, SCU did not sell anything to Plaintiffs. Rather, SCU provided Plaintiffs with a direct loan. As such, SCU was not required to include the $4,000 deposit in the "Total Sales Price." For these reasons, the Court will enter summary judgment in favor of SCU on Count 1.

*ii. Count 7 – Wrongful Repossession/Attempted Repossession:*

Illinois law permits a secured creditor to take possession of the collateral after default. 810 ILCS 5/9-609(a). It allows them to proceed in two ways: "(1) pursuant to judicial process; or (2) without judicial process, if it proceeds without breach of the peace." 810 ILCS 5/9-609(b). The Court already found that Plaintiffs were in default on the loan (Docs. 46, 57, 99). Accordingly, SCU was entitled to repossess the collateral without judicial process if it was accomplished without

[2] Plaintiffs did not set forth any statements of additional material facts in their response. Accordingly, the Court may consider only the facts asserted in SCU's statement of material facts and any facts Plaintiffs asserted in response to that statement. None of those facts establish that Plaintiffs sent SCU a written request.

a breach of the peace. Section 9-609 "does not define or explain the conduct that will constitute a breach of the peace, leaving that matter for continuing development by the courts." Uniform Commercial Code Comment 3 to § 9-609. Illinois courts have concluded that "the term 'breach of the peace' connotes conduct which incites or is likely to incite immediate public turbulence, or which leads to or is likely to lead to an immediate loss of public order and tranquility." *Chrysler Credit Corp. v. Koontz*, 661 N.E.2d 1171, 1173 (Ill. App. Ct. 1996). No violent conduct is necessary. *Id.* "The probability of violence at the time of or immediately prior to the repossession is sufficient." *Id.*

No reasonable jury could find that Townsend committed a breach of the peace during the attempted repossession. Because Plaintiffs were in default, Townsend had a conditional privilege to enter the Property "for the sole and exclusive purpose of effecting the repossession." *Id.* at 1175. Thus, entry onto the Property to locate the collateral, even if it was without consent, is not a breach of the peace. The fact that Sabrina objected to the attempted repossession over the phone does not transform a valid self-help repossession attempt into a breach of the peace. It is generally not a breach of the peace to repossess collateral over the debtor's objection. *Id.* at 1174 (rejecting the plaintiff's invitation to define "'an unequivocal oral protest,' without more, as a breach of the peace" because such a narrow definition would "render the self-help repossession statute useless"); *see also Johnson v. Grossinger Motorcorp, Inc.*, 753 N.E.2d 431, 440 (Ill. App. Ct. 2001). And here, because Sabrina made her objection over the phone, proceeding with the repossession attempt was not likely to incite immediate public turbulence or to lead to an immediate loss of public order and tranquility. Townsend's statement that SCU would return with the police also does not constitute a breach of the peace. Sabrina was not present at the Property when Townsend made the

statement; rather, Townsend made it to her over the phone. Even if construed as a threat, it was not likely to provoke violence because it was directed at someone who was not even present at the scene. Therefore, the Court will enter summary judgment in favor of SCU on Count 7.

B. Midwest Recovery's Motion for Summary Judgment (Doc. 88):

The only claim in the third-party complaint is premised upon SCU's liability on Count 7. Because the Court has determined that SCU is entitled to summary judgment on that claim, Midwest Recovery is entitled to summary judgment on the third-party complaint. *See Raab v. Frank*, 157 N.E.3d 470, 478 (Ill. 2019) ("Under the Contribution Act . . . some basis for liability to the original plaintiff must exist.").

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** SCU's Motion for Summary Judgment (Doc. 86) and **GRANTS** Midwest Recovery's Motion for Summary Judgment (Doc. 88). It **DIRECTS** the Clerk of Court to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**
**DATED**: **November 18, 2026**

**J. PHIL GILBERT**
**United States District Judge**